# EXHIBIT A





# RALPH A. FERRO, JR., ESQ.
## LAW OFFICES
66 East Main Street, 3rd Floor
Little Falls, NJ   07424

Board Certified
Consumer Bankruptcy Law
American Board of Certification

Member of NJ and DC Bars

| | |
|---|---|
| Direct Line: | **(201) 446-5904** |
| Fax: | **(973) 689-9558** |
| Office: | **(973) 200-0988** |

Email: ralphferrojr@msn.com
www.njbankruptcylawfirms.com

---

## REPRESENTATION AGREEMENT

This Agreement ("Agreement"), is effective this 31st day of August  2023, between **RALPH A. FERRO, Jr., Esq.**, hereinafter referred to as "Lawyer", and **JENNA A. ROSE,** hereinafter referred to as "Client."

### 1.  Legal Services to be Performed

Lawyer agrees to represent Client's legal interests in their Chapter 13 Bankruptcy case and related work with reasonable and necessary diligence to the best of Lawyer's ability.  The legal work includes:

- Advising you regarding all issues presently before the Court in this matter;
- Consult with you in personal and over the telephone during normal business hours;
- Consult with others over the telephone or in personal during normal business hours;
- Attend court;
- Travel time to and from conferences and court;
- Research of Law and facts;
- Review of pertinent documents;
- Review and prepare correspondence;
- Explain and review legal issues with you;
- Prepare discovery;
- Prepare for and take depositions;
- Prepare settlement agreements and other necessary documents;
- Hire, at your expense, experts and consult with them about your case;
- Legal research;
- Participate in negotiating on your behalf;
- Prepare witnesses;
- Trial preparation;
- Trying case; and
- Related work to properly represent Client in this matter.

## 2.  Other Legal Services

The Client and the Lawyer may make additional agreements to provide for legal services not covered by this agreement.    Without such agreements, the Lawyer is not required to do any of the following:

- Provide any legal services after the judgment of the trial court;
- Appeal any decision of the trial court;
- Enforce any judgment or order of the court;
- Represent you in any other court.

## 3.  Costs and Expenses

In addition to Lawyer's fees, Client will be responsible for all disbursement incurred or paid out in the performance of Lawyer's services.    These costs, process server fees, messenger fees, witness fees, investigator charges, on-line research, postage, printing costs, travel expenses, photocopy costs (at 25 cents per copy), "faxes" (at $1.50 per page, received or sent), costs of transcripts and depositions (when applicable).    Said costs will be reflected as separate entries on billing invoices. Client agrees to be responsible for the immediate payment of same within 30 days of the billing date regardless of whether a Retainer balance exists.    Furthermore, Lawyer reserves the right to demand, and Client agrees to make, advance payment of any costs before such costs are incurred.

## 4.  Experts

In some cases, your matter may require the services of experts, such as accountants, appraisers, etc.    You, the client, and not the Lawyer, are responsible for payment of these fees.    No such experts will be retained on your behalf without your permission.

## 5.  Billing Procedure

Client will receive itemized billing upon request.    In the event that the Lawyer's fees exceed the amount of the Retainer, unless other arrangements are made, you must pay the amount due within 30 days of the billing date.    If you do not, you must pay interest at the rate of 1% per month on all unpaid balances.    If no comment about the billing is received in writing, within 30 days of the statement date, we will assume that you have seen the bill and find it acceptable.    Additional, Interim Retainers are due within 10 days upon notification from Lawyer to Client.

### ALL BILLS ARE DUE UPON RECEIPT

Both parties agree that Ralph A. Ferro, Jr. may withdraw from the case if the outstanding balance is not paid within 30 days of receipt.

## 6.  Withdrawal

You may discharge the Lawyer at any time and Lawyer will release your file upon payment of the outstanding billings to date.    Lawyer may withdraw as your attorney, in the event that Client:

- Does not follow Lawyer's advice or instructions;
- Does not cooperate with the Lawyer
- Does not answer the Lawyer's telephone calls or letters;
- Insists Lawyer do something illegal or unethical;
- Lies under oath or tells Lawyer that Client will do so; or
- Does not pay fees and costs as required under this Agreement
- For any good and valid reasons.

## 7. Your Cooperation

It shall be your duty to cooperate with the Lawyer fully in order that Lawyer may best represent Client.   In this regard, Client agrees that Client will:

- Not sign documents without prior review by the Lawyer
- Promptly and completely furnish the Lawyer with information or other documents necessary for the case.

## 8. Payment for Legal Services and Costs

### a. Amount of Initial Retainer.

The Lawyer will begin work on your case upon receipt of a copy of this Agreement signed by you and an initial Retainer in the amount of **$3,500.00 plus the filing fee of $313.00**. This sum will be used to pay your fees and disbursements charged to Client.   This sum shall not be applied to any costs or expenses associated with the matter (see #3 Above).   The Lawyer will place all payments received on account of legal services and costs in his Attorney Business Account, and will have the right to use those funds immediately after your check clears for payment.

### b. Additional, Interim Retainers.

Lawyer also reserves the right, and Client agrees to pay Lawyer within ten (10) days of notice of additional sums of money due determined by the Lawyer as additional Retainers that your existing Retainer has been reduced to less than $1,500.00.

### c. Trial Retainer.

In the event that your matter does not settle and it appears that is will have to be tried, any outstanding balance must be paid in full prior to the trial date.   In addition, prior to commencing the trial, you will be required to provide a trial Retainer which shall be based upon the amount of time which the Layers anticipates will be necessary to prepare for and complete the trial, calculated as:

- hourly rate of attorney; times
- 8 hours per day; times
- the number of days which the Law Firm anticipates will be necessary to prepare for and complete the trial.

d. **Payments by Adverse Party**.

In the event that the adverse party either agrees to pay or is required by court award to pay for some or all of your legal fees and costs, any amount that is actually paid shall be credited to your total indebtedness. If the amount actually paid is more than the total charges, Lawyer will reimburse Client for the difference. If the amount of money paid is less than the total due the Lawyer, you must pay the difference. However, this is with the understanding that you are, at all times, obligated to the Lawyer for the monies. The Lawyer is not required to sue the adverse party to collect any monies due from said party, except at your request and advance expense.

e. **Unpredictability of Fee and Expense; Refunds, Guarantor**.

Because each case is unique, Lawyer cannot estimate the amount of time spent on your case and the amount of expenses; consequently, Lawyer cannot predict the amount of my fee. In the event that the amount of time spent on your case, and the resulting fee generated, is less that the amount of money you have paid the Lawyer, the unused money shall be returned to you. If your retainer and/or subsequent bill will be paid by another person on your behalf, it is required that person's signature below as guarantor of payment.

## 9. **Hourly Rate and Computation of Fees**

Client agrees to compensate Lawyer at the rate of **$350.00 per hour** for all services performed on Client's behalf. Client agrees to compensate Lawyer at the rate of **$150.00 per hour** for paralegal services. Client is responsible for the initial filing fee of $313.00 as well as all other filing fees.

All services shall be billed at a minimum of 10 minutes. After the first 10 minutes, you will be billed in 5 minute increments thereafter.

## 10. **Favorable Outcome Not Guaranteed**

The Lawyer assures you of all reasonable professional efforts on your behalf.

Lawyer has made no representations concerning the successful resolution of the claim or claims relating to claims or claims relating to the matter in controversy or the favorable outcome of any legal action that is or may be filed and has not guaranteed that the Lawyer will obtain reimbursement to the Client of any of the fees, costs and/or expenses incurred by Lawyer in the prosecution of defense of your action. Client further expressly acknowledges that all statements of the Lawyer on these matters, if any, are statement of opinions only.

Inasmuch as a decision with regard to any particular proposal for settlement of the financial aspects of this matter will have substantial effect upon the Client and Client's future, those substantive decisions must be made by the client. Of course, Client will have the opportunity to discuss all settlement proposals with the Lawyer and Lawyer will give you his opinions of the possible results if the matter were not settled and instead submitted to the Court for a decision. However, in view of our familiarity with the workings of the court system, we shall have primary responsibility for the procedural decisions which affects your cases.

## 11. Disclosure of Personal Information

Client allows Lawyer to disclose personal information to third parties as it is necessary to prosecute/defend client's case. Client(s) gives Lawyer permission to obtain their credit reports on their behalf.

## 12. Signatures

Do not sign this Retainer Agreement unless you fully and completely understand it. By signing below, you certify that you have no questions and/or that all questions in connection with this matter have been fully and completely explained to your satisfaction, as well as acknowledging receipt of a copy of this agreement.

Dated: 8-31-23 _____
By: Ralph A. Ferro, Jr., Esq.

Dated: _____
Jenna A. Rose

Dated: _____
8/31/23